UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CSAA FIRE & CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ROMAN RAMIREZ,<br><br>    Defendants. | Case No. 2:22-cv-00318-RFB-EJY<br><br>**ORDER** |

**I.     INTRODUCTION**

Before the Court is Plaintiff CSAA Fire & Casualty Insurance Company ("Plaintiff")'s unopposed Motion for Summary Judgment (ECF No. 11). For the reasons stated below, the Court grants the motion.

**II.    PROCEDURAL HISTORY**

On February 22, 2022, Plaintiff commenced this civil action by filing a Complaint against Defendant Roman Ramirez (Defendant). ECF No. 1. The Summons was issued as to Defendant on February 23, 2022. ECF No. 4. It was returned executed on March 3, 2022. ECF No. 5. On March 17, 2022, Defendant answered the Complaint. ECF No. 6. On April 21, 2022, the parties filed a stipulated Discovery Plan and Scheduling Order. ECF No. 8. On April 22, 2022, the Court issued a Scheduling Order granting the parties' proposed Discovery Plan. ECF No. 9. Discovery was ordered due by September 13, 2022, and Motions were ordered due by October 13, 2022. Id.

On July 26, 2022, Plaintiff filed the instant Motion for Summary Judgment. ECF No. 11. On August 23, 2022, Plaintiff filed a "reply" in support of its Motion, noting that Defendant had not opposed the Motion. ECF No. 13. This order follows.

### III.	LEGAL STANDARD

Summary judgment is appropriate "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The nonmoving party may not merely rest on the allegations of her pleadings; rather, she must produce specific facts—by affidavit or other evidence—showing a genuine issue of fact. Anderson, 477 U.S. at 256.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." Heinemann v. Satterberg, 731 F.3d 914, 915 (9th Cir. 2013) (citing Fed. R. Civ. P. 56(e)). When a party fails to oppose a motion for summary judgment, district courts must assess "whether the motion and supporting materials entitle the movant to summary judgment." Id. (citations and internal quotation marks omitted).

Declaratory judgment allows the Court to adjudicate a party's rights or obligations before it seeks a coercive remedy. Seattle Audubon Soc'y v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996).

The Declaratory Judgment Act, however, does not expand the Court's jurisdiction. Id.; see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S. Ct. 876, 94 L. Ed. 1194 (1950). Rather, a claim for declaratory relief is subject to the same federal jurisdictional requirements as any other case; it must be "brought by [an] interested party," and it must involve an actual controversy. See 28 U.S.C. § 2201; Moseley, 80 F.3d at 1405. Finally, a declaratory judgment action that seeks clarification of an insurer's coverage obligation or duty to defend is ripe for judicial review. See Govt. Emp.s Ins. Co. v. Dizol, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998).

### IV.    FACTUAL BACKGROUND

Plaintiff has failed to respond to the instant Motions for Summary Judgment.  Plaintiff is pro se, but does have access to the docket, and participated in the litigation by filing his Answer to the Complaint on March 17, 2022.  See ECF No. 6.

The Court accordingly accepts the following facts as undisputed, based on Plaintiff's Motion for Summary Judgment (ECF No. 11), and the supporting materials in the record.

Plaintiff is an insurance company who maintains a homeowner's insurance policy ("The Policy") held by the named insured, Maria M. Armendarez. The policy was in full force and effect on May 4, 2017, and covers the property located at 2421 Old Forge Lane, Unit 104, Las Vegas, Nevada 89121 ("Unit 104").  While the property covered by the policy was Unit 104, the policy agreement lists Ms. Maria Armendarez's residence at a different location, namely 219 La Paz Avenue, Henderson, Nevada 89015.

An incident took place on May 4, 2017 ("the Incident") involving Defendant that resulted in an underlying state court case being filed against him by Mr. Juan Severin.  At the time of the Incident, Unit 104 was being rented out by Ms. Maria Armendarez to an unrelated family of three individuals: Loraine Gonzalez, Tony Gonzalez, and their child Luke Gonzalez.  At the time of the Incident, certain repairs and remodeling was taking place at Unit 104.  In connection with those repairs and remodeling. Ms. Maria M. Armendarez's daughter, Ms. Carrie Armendarez, hired a handyman, the plaintiff in the underlying action, Mr. Juan Severin, to perform some of the work on Unit 104.

In the Amended Complaint in the underlying state court Action, Mr. Severin alleges the following: on the date of the Incident, Ms. Maria M. Armendarez's daughter, Ms. Carrie Armendarez, was at Unit 104 with Defendant. An argument between Ms. Carrie Armendarez and Mr. Servin ensued regarding whether Mr. Servin should perform any additional work and/or receive additional payment. As the argument ensued, Defendant allegedly punched Mr. Severin in the face, causing him injury. As a result of the Incident, Mr. Servin filed the Amended Complaint in the underlying state court action, raising claims for injuries and damages against Mr. Ramirez (and others).

Defendant then tendered the defense of the Incident and ensuing underlying action to Plaintiff. Initially, Plaintiff agreed to extend a defense to Ramirez and potentially indemnify him under a reservation of rights, which was issued to him on February 3, 2022. Through its reservation, Plaintiff informed Defendant that Plaintiff would not be obligated to defend nor indemnify Defendant with respect to the Incident and/or underlying action because Defendant does not qualify as an "insured" under the Policy, and specifically reserved the right to bring the instant declaratory relief action.

The Policy provides liability coverage (defense and indemnity) to those who qualified as "insured persons." The pertinent provisions of the Policy defined "insured" as follows:

> DEFINITIONS
> A. In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us", and "our", refer to the company providing this insurance.
> B. In addition, certain words and phrases are defined as follows: * * * 7. "Insured" means:
>     a. You and residents of your household who are:
>      (1) your relatives; or
>      (2) other persons under the age of 21 and in the care of any person named above; or
>      (3) a domestic partner of the named insured. (For purposes of this definition "domestic partner" means an adult who is not related to the named insured by blood who has continually lived with the named insured for at least six months and plans to do so permanently, and is mutually responsible along with the named insured for their common welfare, and who maintains no other domestic partnership or legally recognized marriage).

The Policy further describes the coverage provided to the "insured":

SECTION II – LIABILITY COVERAGES
A. Coverage E – Personal Liability
   If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
   1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
   2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

On May 10, 2022, Plaintiff took Defendant's deposition. In the deposition, Plaintiff asked Defendant whether he had any blood, marital, or domestic relationship with Ms. Maria M. Armendarez and/or whether he had ever lived as a resident of the household of Ms. Maria M. Armendarez. Defendant unequivocally confirmed that he was neither a relative (blood or marriage) of Ms. Maria M. Armendarez, that he never lived with Ms. Maria M. Armendarez, and that he was neither a resident of her household. Defendant further confirmed that he has never lived at 219 La Paz Avenue, Henderson, Nevada, which is the resident household of Ms. Maria M. Armendarez, nor at Unit 104, where the subject Incident occurred. Defendant further confirmed that he has never been married in his entire life, only lived with his girlfriend, Loretta Vargas and not Ms. Maria M. Armendarez, and is not a blood relative of Ms. Maria M. Armendarez or her late husband, Mr. Fernando Armendarez.

### V.     DISCUSSION

Plaintiff seeks declaratory relief concerning the duties and obligations of the parties under the Policy. Specifically, Plaintiff seeks a Court Order declaring that Plaintiff is not obligated to pay any settlement or otherwise indemnify Defendant, pursuant to the Policy, as he is not an

5

"insured" as defined by the Policy.

The requirements for declaratory relief are as follows: "(1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination." Kress v. Corey, 65 Nev. 1, 189 P.2d 352, 364 (Nev. 1948) (citation omitted).

### a. **Construction of Insurance Policies under Nevada Law**

In Nevada, when the facts are not in dispute, insurance contract interpretation is a question of law that may be decided by the reviewing Court. Federal Ins. Co. v. American Hardware Mutual Ins. Co., 184 P.3d 390, 392 (Nev. 2008). An insurance policy, like any other contract, must be construed and enforced as written, absent any ambiguity. Ellison v. CSAA, 797 P.2d 975, 977 (Nev. 1990) (internal citation omitted). The Court must consider the plain and ordinary meaning of the relevant policy terms. United Nat'l Ins. Co. v. Frontier Ins. Co., Inc., 99 P.3d 1153, 1157 (Nev. 2004) (internal citation and quotation marks omitted).

Here, the four requirements for declaratory relief are met. There is an underlying proceeding between Mr. Severin and Defendant, currently before the Clark County District Court (Case No. 1-19-794147-C) ("Underlying Action"). Defendant was not originally named as a defendant in the Underlying Action, but Mr. Severin amended his state court complaint and added Defendant as a named defendant on January 28, 2021. Plaintiff has an interest in the Underlying Action in that it seeks to define its obligations, if any, to defend and indemnify Defendant. The issue is ripe for judicial determination.

The Court finds that, based on the undisputed facts, Defendant cannot establish that he is covered by the Policy. Nevada law requires courts reviewing insurance contracts to "broadly interpret clauses providing coverage to afford the insured the greatest possible coverage; clauses excluding coverage are interpreted narrowly against the insurer." Federal Ins. Co., 184 P.3d at 392. "[W]hen an insurance policy clause is ambiguous, the ambiguity must be resolved against the

insurer and in favor of the insured." Id.

Here, the Policy is not ambiguous as to defining "insured" and the scope of coverage to "insured" persons. The Policy lists Ms. Maria M. Armendarez as an "insured." The Policy further extends to those who identify as her resident relatives or domestic partners. Defendant noted in his deposition testimony that Ms. Maria M. Armendarez was his ex-girlfriend's grandmother, and that Ms. Carrie Armendarez was his ex-girlfriend's aunt. While Defendant referred to these two women as "grandma" and "aunt," he states in his sworn deposition testimony that he was not in fact related to them. Defendant also stated that he is not Ms. Maria M. Armendarez's domestic partner or husband.

Defendant further stated that at the time of the Incident, he was a resident of 3909 San Andreas Avenue, Las Vegas, NV 89121. He stated that he moved from that residence to a home he purchased, at 4388 Gibraltar Way, Las Vegas, NV, 89121, in 2020. Defendant further stated that he had never resided at Unit 104 or at Ms. Maria M. Armendarez's residence. Thus, through his sworn deposition testimony, Defendant has confirmed that he does not qualify as an "insured" under the Policy. Plaintiff is entitled to the declaratory relief it seeks.

## VI.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 11) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff file a proposed order of judgment with the Court by March 24, 2023.

**DATED:** March 10, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**